Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III

| RAMÓN L. FELICIANO MEJÍAS<br><br>Demandante-Apelante<br><br>V.<br><br>NANCY NEGRÓN CRUZ<br><br>Demandada-Apelada | KLAN202300579 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Ponce<br><br>Caso Núm.:<br>J AC2014-0510 (601)<br><br>Sobre:<br>INCUMPLIMIENTO DE CONTRATO |

Panel integrado por su presidente, el Juez Figueroa Cabán, la Jueza Grana Martínez y el Juez Rodríguez Flores.

Grana Martínez, Jueza Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 31 de octubre de 2023.

El apelante, señor Ramón Feliciano Mejías, ha comparecido ante este tribunal y nos solicita la revocación de una Resolución emitida por el Tribunal de Primera Instancia (TPI), Sala de Ponce, del 12 de junio de 2023. En la Resolución recurrida, el TPI desautoriza la venta en pública subasta de cierto bien inmueble al ser designado Hogar Seguro conforme las disposiciones de la Ley 195-2011.[1]

El señor Feliciano Mejías afirma que erró el foro primario al conceder la protección de hogar seguro a la parte apelada, sin considerar que la propiedad inmueble tenía registrado en el Registro de la Propiedad un embargo, 150 días antes de que la parte apelada solicitara la protección de la ley.

La controversia presentada requiere que determinemos si la protección concedida por el foro recurrido cumplió con los parámetros de la Ley 195-2011. Por los fundamentos que

---

[1] Ley del Derecho a la Protección del Hogar Principal y el Hogar Familia de 13 de septiembre de 2011.

detallamos en este Sentencia revocamos la resolución recurrida. Los hechos pertinentes para comprender nuestra determinación se detallan a continuación.

**I**

Alega en su escrito el señor Feliciano Mejías que, en un pleito alterno al que nos ocupa, obtuvo una Sentencia donde se condenó solidariamente a los apelados, Nancy, Frank y Andrés, todos de apellidos Negrón Cruz, a indemnizar al apelante con la suma de $90,600.00.[2]

La antedicha compensación fue parte de una reclamación de incumplimiento de contrato y daños y perjuicios presentada por el apelante contra los apelados en la que reclamó, en apretada síntesis, lo siguiente. Adujo que había suscrito un contrato de arrendamiento de un negocio de los apelados. Mientras estuvo operando el mismo invirtió dinero arreglando el local, compró equipos, mercancía y además almacenaba las herramientas de su negocio de construcción. Cierto día, al tratar de entrar al local, encontró dentro del negocio a los apelados, quienes se apoderaron del mismo, no le permitieron la entrada y se apropiaron de todos los bienes muebles en su interior. Alegó que perdió sus equipos, sus herramientas, así como sus expectativas de ingresos, por lo que radicó el recurso legal que fue adjudicado a su favor, con la consabida Sentencia antes mencionada.

Para asegurar la efectividad de la Sentencia emitida a su favor, el apelante presentó el 17 de septiembre de 2022 a las 9:48 a.m. una instancia al Registro de la Propiedad, en la cual solicitó una anotación de embargo en aseguramiento de sentencia. Instancia cuyo gravamen fue inscrito el 13 de octubre de 2022 a las 11:33 a.m.[3]

---

[2] Véase págs. 29 y 30 del apéndice del recurso.
[3] Véase págs. 59 y 60 del apéndice.

La descripción registral de la propiedad objeto del embargo en aseguramiento de sentencia es la siguiente:

> RUSTICA: Parcela de terreno radicada en el Barrio Real del término municipal de Ponce, Puerto Rico, identificada como predio 2 en el plano de segregación, con una cabida de 3,539.5803 METROS CUADRADOS, equivalentes a 0.9006 CUERDAS. En lindes por el NORESTE, en 37.671 y 36.859 metros lineales, con solares #1 y #2 del plano de segregación; por el NOROESTE, en 33.995, 27.497 y 7.938 metros lineales, con parcela dedicada a uso público que la separa del Río mahón; por el SURESTE, en 11.015 y 16.040 metros lineales, con terrenos de Tito Rivera y parcela dedicada a uso público del plano de segregación; y por el SUROESTE, en 26.699 y 31.017 metros lineales, con predio de Tito Rodríguez. Enclava una casa. Inscrita a nombre de Nancy Negrón Cruz y Frank Negrón Cruz, Finca número 27,080 del término municipal de Ponce, Tomo 1164 de Ponce II, Folio No. 82, inscripción Primera. Catastro 341-000-010-44-000.

Así las cosas, el apelante relató en su recurso que, el 24 de octubre de 2022 presentó ante el foro primario una *Moción* solicitando la ejecución de la Sentencia mediante la venta en pública subasta de la propiedad antes descrita. El 13 de diciembre de 2022, el foro primario emitió la Orden ordenando la ejecución de la Sentencia, mediante la venta en pública subasta del bien inmueble, la cual quedó señalada para el 1 de febrero del 2023.[4]

El 31 de enero de 2023, la co apelada, señora Negrón Cruz, presentó *Moción urgente* solicitando paralización de los procedimientos. En esta arguyó haberse acogido a la Ley de Quiebras Federal solicitando así la paralización de la venta en pública subasta de su residencia. Acompañó la evidencia de haber presentado la solicitud ante la Corte de Quiebras de Estados Unidos, Distrito de Puerto Rico, ese mismo día, un día antes de la fecha señalada para la venta en pública subasta.[5] El foro recurrido paralizó los procedimientos el 6 de febrero de 2023.

---

[4] Véase págs. 34 a 37 del apéndice.
[5] Véase págs. 38 a 39 del apéndice.

Apenas un mes después, el 3 de marzo del año en curso, la señora Negrón Cruz peticionó al Tribunal Federal de Quiebras que desestimara su solicitud y dejara sin efecto la reunión de acreedores pautada para ese mismo día.[6] Finalmente, el 20 de marzo de 2023, según solicitado por la apelada, la Corte de Quiebras accedió a su solicitud y desestimó la petición.[7]

A raíz de la desestimación, el apelante informó al tribunal el estado de los procesos y peticionó que se continuara nuevamente con la venta judicial del inmueble.[8]

El 21 de abril de 2023, la señora Nancy Negrón Cruz presentó un escrito ante el foro recurrido en el cual reclamó que, antes de la presentación de la Demanda cuya sentencia se interesa ejecutar por el apelante, residía y continuaba viviendo en la propiedad objeto de la ejecución, consistiendo ésta en su hogar seguro. Al amparo de la Ley 195-2011 reclamó del foro declarar la propiedad objeto de la venta judicial como su Hogar Seguro y así proteger el bien conforme la Ley.[9] En apoyo a su petición acompaño una Certificación de Propiedad Inmueble del 31 de marzo de 2022, en la cual no constaba el gravamen de embargo en aseguramiento de sentencia que alega inscribió, el apelante, 190 días previos a la solicitud de Hogar Seguro.[10]

El 27 de abril de 2023, el apelante replicó manifestando que, la apelada se valía de un extracto de la Ley de Hogar Seguro sin citar el Artículo 12 completo, olvidando principios medulares del Código Civil de Puerto Rico y la jurisprudencia del Tribunal Supremo. Además, llamó la atención a la Certificación Registral presentada señalando que, no estaba actualizada, por lo que no reflejaba el

---

[6] Véase págs. 41 a 42 del apéndice.
[7] Véase pág. 43 del apéndice.
[8] Véase págs. 45 a 48 del apéndice.
[9] Véase págs. 49 a 51 del apéndice.
[10] Véase págs. 53 a 54 del apéndice.

gravamen de embargo que alegaba fue inscrito el 13 de octubre de 2022 a las 11:33 a.m.

El 12 de junio de 2023, el TPI emitió una Resolución en la cual concluyó que la señora Negrón Cruz presentó oportunamente su solicitud juramentada de Hogar Seguro dentro del término de 30 días posteriores a la determinación judicial de dejar sin efecto la paralización de los procesos ante la radicación de la quiebra. Para el foro recurrido, conforme la Ley 195-2011, procedía la designación del bien inmueble como Hogar Seguro y la revocación de la autorización de venta judicial.

Inconforme, el apelante presentó el recurso que nos ocupa y señaló en su escrito ante este tribunal que, la señora Negrón Cruz reclamó la protección de la Ley 195-2011 induciendo a error al TPI. Apoyó su alegación, en que esta presentó una moción para paralizar la ejecución de una sentencia final y firme de enero de 2018, acompañando una certificación registral no actualizada del 31 de marzo de 2022. Esto, con el fin de representar al foro recurrido que la propiedad estaba libre de gravámenes, cuando le constaba que el apelante había presentado un gravamen en aseguramiento de sentencia 190 días antes de la petición de Hogar Seguro. Además, señaló que la apelada hizo unos planteamientos de derecho incompletos y acomodaticios.

El apelante arguye en su escrito apelativo que, la señora Negrón Cruz no cumplió con ninguno de los dos requisitos del Art. 12 de la Ley 195-2011.

El 21 de agosto de 2023 emitimos Sentencia revocando la determinación apelada en este recurso. Oportunamente, el 25 de agosto de 2023, la parte apelada presentó *Moción urgente solicitando relevo de sentencia y desestimación,* la cual acogimos como una reconsideración declarándola ha lugar y dejando sin efecto nuestra Sentencia. En esa misma fecha, concedimos a la apelada un término

de diez (10) días para expresarse en torno al recurso, con la advertencia de que, transcurrido el término, el recurso se tendría por perfeccionado.

El 29 de septiembre de 2023, la parte apelada presentó *Moción solicitando término para recurrir,* en la que solicitaba término para recurrir ante el Tribunal Supremo, además arguyó que no se le notificó el recurso. Dado que no había presentado su alegato y el término concedido había transcurrido, se le concedió un término perentorio para presentarlo.

Transcurrido el término para presentar su alegato en oposición al recurso, sin que la apelada haya comparecido, declaramos perfeccionado el mismo y procedemos a resolver.

**II**

**Ley del Derecho a la Protección del Hogar Principal y el Hogar Familiar en adelante "Ley de Protección del Hogar"**

La finalidad de la Ley de Protección del Hogar es que cada ciudadano propietario cuente con una protección básica ante el riesgo de ejecución de una sentencia en contra de su residencia. ... De manera que protege el hogar o residencia principal de todos los domiciliados en Puerto Rico y sus respectivas familias conforme a ciertas condiciones establecidas en la propia ley. 31 LPRA §1858. La protección de la ley asegura la propiedad de embargo, sentencia o ejecución ejercitada para el pago de todas las deudas, excepto las deudas reconocidas como excepciones en la propia legislación. 31 LPRA §1858b.

Aun cuando se reconoce la primacía del derecho a la propiedad en nuestro ordenamiento jurídico, también se ha determinado que el disfrute de la propiedad no es un derecho absoluto, sino que está limitado por intereses sociales apremiantes y normas de convivencia social. *Rivera García v. Registradora,* 189 DPR 628, 634 (2013). La Ley 195-2011 dispone que, como norma

general, el derecho a Hogar Seguro es irrenunciable, y cualquier pacto en contrario se declarará nulo. No obstante, la propia legislación reconoce que el derecho a hogar seguro se entenderá renunciado, en las siguientes circunstancias:

> (a) En todos los casos donde se obtenga una hipoteca, que grave la propiedad protegida.
>
> (b) En los casos de cobro de contribuciones estatales y federales.
>
> (c) En los casos donde se le deban pagos a contratistas para reparaciones de la propiedad protegida.
>
> (d) En los casos donde la persona que reclame o haya reclamado, previamente el derecho que se reconoce a tenor con este capítulo, prefiera reclamar, en una Petición bajo el Código de Quiebras Federal, las exenciones bajo la Sección 522(b)(2), de dicho Código, en vez de las exenciones locales y la de hogar seguro que permite el Código de Quiebras bajo la Sección 522(b)(3). ... 31 LPRA §1858a.

Por otro lado, la legislación incluye específicamente la manera en que aquella persona propietaria puede constituir dicho derecho. A tales efectos dispone que:

> [t]odo individuo o jefe de familia que adquiera una finca rústica o urbana para establecer y fijar en ella su hogar seguro lo hará hacer constar así en el título de adquisición, debiendo el notario autorizante advertir al adquirente su deber de así hacerlo, de lo cual dará fe, y el Registrador de la Propiedad al inscribir el mismo tomará razón de dichas manifestaciones en el cuerpo de la inscripción, anotando que dicha propiedad ha sido designada como hogar seguro por su propietario, lo que servirá de aviso público. En los casos donde la finca estuviere ya inscrita a nombre de dicho individuo o jefe de familia, bastará que el propietario o propietarios de la finca otorgue(n) un acta ante notario público, donde se haga constar que la finca tiene carácter de hogar seguro, para que el Registrador de la Propiedad consigne tal carácter en nota marginal de la inscripción correspondiente. Asimismo, en el caso de la residencia principal del cónyuge supérstite, este podrá comparecer para la anotación de la constancia registral del carácter de hogar seguro de la propiedad, sin la comparecencia de los herederos titulares de la propiedad. Dicha protección cobijará la propiedad contra todo reclamante, excepto las deudas reconocidas en la sec. 1858a de este título, mientras permanezca el carácter de residencia principal para el cónyuge supérstite. Ambos documentos, la escritura de adquisición y el acta, según sea el caso, deben expresar el uso residencial de la propiedad, y que el propietario no ha designado como tal, ninguna otra propiedad en o fuera

de Puerto Rico. Además, en ambos documentos se le advertirá al propietario de las posibles sanciones a las que se expone toda persona que intente o logre inscribir en el Registro más de una propiedad como hogar seguro o que intente o logre la inscripción ilegal del derecho de hogar seguro a favor de otra persona. En los casos donde la persona ya posea otra propiedad designada como hogar seguro, se reconocerá en el propio documento la existencia de la otra propiedad y que la misma cesará de ser su hogar seguro a partir de ese momento; y además, tendrá la obligación de cancelar en el Registro de la Propiedad la anotación de hogar seguro en la propiedad anterior para que el Registrador haga consignar tal cancelación en nota marginal de la inscripción correspondiente. Tal cancelación se podrá hacer a través del mismo documento de adquisición de la nueva propiedad que tendrá la protección de hogar seguro o a través de un acta. Siempre que la propiedad sea designada como hogar seguro, el Registrador de la Propiedad tendrá la obligación de anotar que tal propiedad fue así designada por su propietario. Tales manifestaciones o anotaciones sólo constituirán prueba prima facie del derecho de hogar seguro sobre esa propiedad; ninguna persona podrá designar más de una propiedad como hogar seguro. 31 LPRA §1858f.

Ahora bien, "[e]l hecho de que una finca no esté inscrita en el Registro de la Propiedad o que el derecho a hogar seguro no esté inscrito o anotado en el Registro de la Propiedad, en nada afecta el derecho de hogar seguro que en ella tenga su propietario, **siempre y cuando el derecho sea levantado oportunamente** conforme a los dispuesto en el Artículo 12 de la Ley 195-2011". 31 LPRA §1858h. Oportunamente se considera cuando "[l]a solicitud del beneficio de hogar seguro se hace mediante moción que se presentará en el tribunal, dentro del término de 30 días a contar desde la fecha en que se solicita la ejecución de propiedades pertenecientes al demandado para satisfacer una sentencia dictada por un tribunal competente; o a partir del momento en que se solicita un embargo o anotación preventiva o cualquier otro mecanismo preventivo en aseguramiento de sentencia, en contra de las propiedades del demandado. Además, la moción donde se solicite el derecho a Hogar Seguro deberá ser juramentada por el o los propietarios, incluyendo la descripción registral de la propiedad que se está protegiendo y de una dación de fe de que el o los propietarios

utilizaban dicha propiedad como residencia principal antes del emplazamiento de la demanda por la cual se pide ejecución y de que no han designado como hogar seguro alguna otra propiedad. La parte que solicite la ejecución tendrá 10 días para reaccionar a la solicitud de hogar seguro y de existir controversia el Tribunal podrá citar a una vista evidenciaria, en la cual las partes expondrán sus argumentos y presentarán la evidencia correspondiente para sustentar sus alegaciones. El tribunal dictará resolución dentro del término de 15 días, luego de sometida la prueba. Emitida la resolución, la parte perjudicada podrá apelar la misma dentro del término jurisdiccional de 15 días. En los casos donde el Tribunal decida que no aplica el derecho a hogar seguro, no se celebrará una venta judicial en relación a dicho inmueble hasta que dicha resolución sea final y firme. No se hará ninguna venta por virtud de sentencia o ejecución de una finca urbana o rústica, cuando se reclamare u ocupare la misma como hogar seguro, inscrita o no inscrita en el Registro de la Propiedad, a menos que aplique alguna de las excepciones dispuestas en la sección 1858a de la propia Ley". ... 31 LPRA §1858i.

### III

No hay duda de que el derecho a Hogar Seguro no estaba inscrito ni anotado en el Registro de la Propiedad antes de la presentación de la *Moción* interesando ejecución de sentencia mediante subasta pública de propiedad inmueble. Entonces, para resolver nuestra controversia debemos cerciorarnos si la parte apelada presentó su reclamo de Hogar Seguro oportunamente, conforme los criterios dispuestos en el Art. 12 de la Ley 195-2011.

Como primer remedio en aseguramiento de sentencia, la parte apelante presentó el 17 de septiembre de 2022 una Instancia de anotación de sentencia en el Registro de la Propiedad. La apelada contaba con un término hasta el 17 de octubre de 2022 para

oponerse y reclamar su derecho a Hogar Seguro oportunamente ante el foro recurrido, reclamo que no hizo.

Como segundo remedio dirigido a la ejecución de la sentencia, el 24 de octubre de 2022, la parte apelante presentó *Moción* al foro recurrido solicitando la ejecución de sentencia mediante pública subasta. La parte apelada contaba con un término de 30 días desde la fecha en que solicitó la ejecución de propiedad, o sea, hasta el 23 de noviembre de 2022, para oponerse y reclamar su derecho a Hogar Seguro oportunamente ante el foro recurrido, reclamo que no hizo.

El 13 de diciembre de 2022, el foro primario emitió la Orden ordenando la ejecución de la Sentencia, mediante la venta en pública subasta del bien inmueble. Como anticipáramos, el hecho de que el derecho a hogar seguro no estuviese inscrito o anotado en el Registro de la Propiedad, en nada afecta el derecho de hogar seguro que en ella tenga su propietario, siempre y cuando el derecho sea levantado oportunamente conforme los criterios antes señalados.

No es hasta el 31 de enero de 2023, que la apelada comparece ante el tribunal solicitando la paralización. No la solicita conforme la Ley 195-2011, pues ya a dicha fecha, los términos que la ley concede para peticionar el derecho no solo habían transcurrido, sino que solicita la paralización, amparada en la radicación de un proceso ante el Tribunal Federal de Quiebras, Distrito de Puerto Rico, ese mismo día, horas antes. No obstante, el foro primario correctamente paralizó los procedimientos el 6 de febrero de 2023 ante el *automatic stay* dispuesto en la legislación federal.[11]

El mismo día en que se celebraría el *Meeting of Creditors,* conforme la legislación federal de quiebras, la apelada presentó *Motion to request voluntary dismissal.* La solicitud de quiebra fue

---

[11] 11 USCA §362.

finalmente desestimada el 20 de marzo de 2023. Tres días más tarde, el 23 de marzo de 2023, el apelante solicitó que se dejara sin efecto la paralización de la sentencia y acompañó evidencia que justificaba su pedido.[12] Nuevamente solicitó la venta de la propiedad mediante pública subasta. El 21 de abril de 2023, la apelada se opuso reclamando la Ley de Protección del Hogar. Acompañó con su solicitud una Certificación Registral de la propiedad del 5 de abril de 2022, de un año antes y en la cual no constaba la anotación de la Instancia en aseguramiento de sentencia presentada por el apelado el 17 de septiembre de 2022 e inscrito el 13 de octubre de 2022. Oportunamente, el apelado se opuso, advirtiendo al foro recurrido de los incumplimientos de la apelada.

No obstante, el TPI, el 12 de junio de 2023 determinó no autorizar la venta en pública subasta, conforme las disposiciones de la Ley de Protección del Hogar. Concluyó que, y citamos: "la parte codemandada presentó oportunamente el 21 de abril de 2023 su solicitud juramentada de hogar seguro dentro del término de 30 días de la fecha de la solicitud de que se dejara sin efecto la paralización de la ejecución de sentencia por quiebra presentada por la parte demandada el 24 de marzo de 2023." Erro al así concluir. Como adelantamos, a la fecha en que la parte apelada se opuso a la venta judicial, ya habían transcurrido los términos que la Ley 195-2011 concede para reclamar el mismo. Además, el foro recurrido debió advertir de los documentos y, según le señalara la parte apelante, que la Certificación Registral podía inducir a error al tribunal al ser de una fecha remota.

La paralización otorgada por el foro recurrido en virtud de la Ley de Quiebras no tuvo el efecto de conceder un nuevo término a la apelada para reclamar su derecho a Hogar Seguro. De hecho, el

---

[12] Véase *Order dismissing case*, pág. 46 del apéndice.

derecho a hogar seguro se entiende renunciado, en los casos donde aplique el Código de Quiebras Federal, en cuyo caso aplicarán las disposiciones de dicho Código. 31 LPRA §1858a (d).

En resumen, a la fecha en que la apelada se opuso a la venta, ya habían transcurrido los 30 días que la Ley de Protección del Hogar concede para solicitar su beneficio. Si bien la apelada logró paralizar la ejecución de la venta mediante la Quiebra, escogió desistir de la misma para proteger su propiedad ante la imposibilidad de acogerse a la Ley de Protección del Hogar estando en un proceso de quiebras. Entonces, la Ley no concede dos términos, ni el desistimiento voluntario elimina los procesos correctamente conducidos ante el foro primario, por lo que la solicitud de protección en este caso no es oportuna, es tardía. El foro recurrido erró en su determinación, por lo que deberá reestablecer la orden de venta en pública subasta del bien inmueble objeto de este recurso, conforme lo antes discutido.

Además, el Tribunal Supremo de Puerto Rico en *Rivera García v. Registradora*, supra, págs. 640-641, estableció que el reclamo de Hogar Seguro requiere la comparecencia de todos los titulares de la propiedad.[13] De las Certificaciones Registrales presentadas se desprende que la propiedad objeto de esta controversia posee dos titulares, la señora Nancy Negrón Cruz y el señor Frank Negrón Cruz. No hay indicio alguno en el expediente que este último haya comparecido ante el foro recurrido para consentir al reclamo de Hogar Seguro. Debió el foro recurrido advertir dicha circunstancia ante las implicaciones penales que tiene para la persona que intente o logre inscribir a favor de otra persona, la protección de hogar seguro, a la que ésta no tuviere derecho.[14]

---

[13] Aun cuando la Asamblea Legislativa enmendó la Ley 195-2011 mediante la Ley 64-2018 para reiterar la protección al cónyuge supérstite contra embargo, sin la comparecencia de herederos sujeto a ciertas circunstancias, no es la situación de hechos que nos ocupa.

[14] Artículo 10.-Penalidad por Inscripción Ilegal

## IV

Por las razones antes indicadas se revoca la Resolución recurrida y se ordena al TPI continuar los trámites conforme a lo aquí dispuesto.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

Incurrirá en delito grave con pena de reclusión por un término fijo de tres (3) años, toda persona que intente o logre inscribir en el Registro de la Propiedad la protección de hogar seguro en más de una finca de su propiedad o intente o logre inscribir a favor de otra persona la protección de hogar seguro, a la que ésta no tuviere derecho. Además, en los casos donde la persona se encuentre culpable de tal delito, ésta no tendrá derecho a hogar seguro sobre ninguna de las propiedades objeto de su actuación ilegal.

Cuando el cónyuge supérstite inscriba a su favor la protección de hogar seguro sobre su residencia principal y concurra con algún heredero cotitular sobre la propiedad, no se considerará la inscripción en cuanto a dicho heredero para los propósitos de este Artículo, a menos que la propiedad constituya la residencia principal de éste. 31 LPRA §1858g.